**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **BROOKES H. BAKER, CURTIS RYAN ROBERTS** | § § § | |
| *Plaintiffs,* | § § | **CIVIL ACTION NO.** |
| *v.* | § § | **4:19-cv-00869-O** |
| **CITY OF FORT WORTH, TEXAS et. al.,** | § § § | |
| *Defendants.* | | |

---

**DEFENDANT CITY OF FORT WORTH'S ORIGINAL ANSWER TO
PLAINTIFFS' ORIGINAL PETITION**

---

TO THE HONORABLE JUDGE OF SAID COURT:

     **COMES NOW** Defendant City of Fort Worth (hereinafter "Defendant City"), and files its Original Answer to Plaintiffs' Original Petition, and would answer as follows:

## I.
## ANSWER

     1.    Defendant City denies any of its employees/officers violated Plaintiffs' constitutional rights under federal and state law as alleged in the introductory paragraph of Plaintiffs' Original Petition. The remaining averments contained in the introductory paragraph of Plaintiffs' Original Petition are not the type of averments to be admitted or denied.

     2.    Defendant City denies any of its employees/officers violated Plaintiffs' constitutional rights under federal and state law as alleged in the Paragraph 1 of Plaintiffs' Original

Petition.  The remaining averments contained in Paragraph 1 of Plaintiffs' Original Petition are not the type of averments to be admitted or denied.

3.      The averments contained in Paragraph 2 of Plaintiffs' Original Petition are not the type of averments to be admitted or denied.

4.      The averments contained in Paragraph 3 of Plaintiffs' Original Petition are not the type of averments to be admitted or denied.

5.      Defendant City denies that it engaged in any acts or omissions that resulted in a violation of Plaintiffs' Constitutional rights.  The remaining averments contained in Paragraph 4 of Plaintiffs' Original Petition are not the type of averments to be admitted or denied.

6.      The averments contained in Paragraph 5 of Plaintiffs' Original Petition are not the type of averments to be admitted or denied.

7.      The averments contained in Paragraph 6 of Plaintiffs' Original Petition are not the type of averments to be admitted or denied.

8.      Defendant City denies that it is liable for any damages as alleged by Plaintiffs in Paragraph 7 of Plaintiffs' Original Petition.  The remaining averments contained in Paragraph 7 of Plaintiff's Original Petition are not the type of averments to be admitted or denied.

9.      Defendant City is without sufficient information or knowledge to admit or deny the averments contained in Section II, Paragraph 5 of Plaintiffs' Original Petition therefore must deny.

10.      Defendant City is without sufficient information or knowledge to admit or deny the averments contained in Section II, Paragraph 6 of Plaintiffs' Original Petition therefore must deny.

11.      Defendant City admits the averments contained in Section II, Paragraph 7 of Plaintiffs' Original Petition therefore must deny.

12.     Defendant City admits that Mayor Price can be served at 200 Texas Street. Defendant City denies the remaining averments contained Section II Parties, Paragraph 8 of Plaintiffs' Original Petition.

13.     Defendant City admits the averments contained Section II Parties, Paragraph 9 of Plaintiffs' Original Petition.

14.     Defendant City admits the averments contained Section II Parties, Paragraph 10 of Plaintiffs' Original Petition.

15.     Defendant City admits the averments contained Section II Parties, Paragraph 11 of Plaintiffs' Original Petition.

16.     Defendant City admits the averments contained Section II Parties, Paragraph 12 of Plaintiffs' Original Petition.

17.     Defendant City admits the averments contained Section II Parties, Paragraph 13 of Plaintiffs' Original Petition.

18.     Defendant City admits the averments contained Section II Parties, Paragraph 14 of Plaintiffs' Original Petition.

19.     Defendant City admits the averments contained Section II Parties, Paragraph 15 of Plaintiffs' Original Petition.

20.     Defendant City admits the averments contained Section II Parties, Paragraph 16 of Plaintiffs' Original Petition.

21.     Defendant City denies the averments contained Section II Parties, Paragraph 17 of Plaintiffs' Original Petition.

22.     Defendant City denies the averments contained Section II Parties, Paragraph 18 of Plaintiffs' Original Petition.

23.     Defendant City denies the averments contained Section II Parties, Paragraph 19 of Plaintiffs' Original Petition.

24.     Defendant City denies the averments contained Section II Parties, Paragraph 20 of Plaintiffs' Original Petition.

25.     Defendant City denies the averments contained Section II Parties, Paragraph 21 of Plaintiffs' Original Petition.

26.     Defendant City denies the averments contained Section II Parties, Paragraph 22 of Plaintiffs' Original Petition.

27.     Defendant City denies the averments contained Section II Parties, Paragraph 23 of Plaintiffs' Original Petition.

28.     Defendant City denies that it is infringing on Plaintiffs' constitutional rights as alleged in the averments contained in Section III. Facts, Paragraph 24 of Plaintiffs' Original Petition.  Defendant City is without sufficient information or knowledge to admit or deny the remaining averments contained in Section III. Facts, Paragraph 24 of Plaintiffs' Original Petition.

29.     Defendant City admits that Plaintiff Roberts has been issued a Class C citation for violation of the City ordinance as alleged in Section III. Facts, Paragraph 25 of Plaintiffs' Original Petition.  Defendant City denies the remaining averments contained in Section III. Facts, Paragraph 25 of Plaintiffs' Original Petition.

30.     Defendant City admits that Plaintiff Roberts has been issued a Class C citation for violation of the City ordinance as alleged in Section III. Facts, Paragraph 26 of Plaintiffs' Original Petition.  Defendant City denies the remaining averments contained in Section III. Facts, Paragraph 26 of Plaintiffs' Original Petition.

31.     Defendant City is without sufficient knowledge or information to admit or deny what Plaintiff can prove as alleged in Section III. Facts, Paragraph 27 of Plaintiffs' Original Petition, and therefore must deny.  Defendant City denies the remaining averments contained in Section III. Facts, Paragraph 27 of Plaintiffs' Original Petition.

32.     Defendant City denies that there is a decibel level requirement for violation of the City's Noise Ordinance as alleged in Section III. Facts, Paragraph 28 of Plaintiffs' Original Petition. Defendant City admits that that Citations issued to Plaintiff for violation of the City's Noise Ordinance.  Defendant City denies the remaining averments contained in Section III. Facts, Paragraph 29 of Plaintiffs' Original Petition.

33.     Defendant City is without sufficient information to admit or deny the averments contained in Section III. Facts, Paragraph 29 of Plaintiffs' Original Petition, and therefore must deny.

34.     Defendant City admits that Plaintiff Baker has been issued a Class C citation for violation of the City ordinance as alleged in Section III. Facts, Paragraph 30 of Plaintiffs' Original Petition.  Defendant City denies the remaining averments contained in Section III. Facts, Paragraph 30 of Plaintiffs' Original Petition.

35.     Defendant City is without sufficient information or knowledge to admit or deny the averments contained in Section III. Facts, Paragraph 31 of Plaintiffs' Original Petition, and therefore must deny.

36.     Defendant City is without sufficient information or knowledge to admit or deny the averments contained in Section III. Facts, Paragraph 32 of Plaintiffs' Original Petition, and therefore must deny.

37.     Defendant City is without sufficient information or knowledge to admit or deny what he has been told as alleged in the averments contained in Section III. Facts, Paragraph 33 of Plaintiffs' Original Petition, and therefore must deny.  Defendant City denies the remaining averments contained in Paragraph 33 of Plaintiffs' Original Petition.

38.     Defendant City admits that Plaintiff Baker has been issued citations by Fort Worth Police Officers for violation of City Ordinance.  Defendant City denies the remaining averments contained in Section III. Facts, Paragraph 34 of Plaintiffs' Original Petition.

39.     Defendant City denies the averments contained in Section III. Facts, Paragraph 35 of Plaintiffs' Original Petition.

40.     Defendant City admits that Plaintiff conferred with City officials about obtaining permission to place signs on the City right-of-way/property.  Defendant City denies the remaining averments contained in Section III. Facts, Paragraph 36 of Plaintiffs' Original Petition.

41.     Defendant City is without sufficient information or knowledge to admit or deny the averments contained in Section III. Facts, Paragraph 37 of Plaintiffs' Original Petition, and therefore must deny.

42.     Defendant City admits the averments contained in Section III. Facts, Paragraph 38 of Plaintiffs' Original Petition.

43.     Defendant City is without sufficient knowledge or information to admit or deny whether all of Plaintiffs' activities occur within a public space, and therefore must deny. Defendant City admits the remaining contained in Section III. Facts, Paragraph 39 of Plaintiffs' Original Petition.

44.     Defendant City denies the averments contained in Section III. Facts, Paragraph 40 of Plaintiffs' Original Petition.

45.     Defendant City denies the averments contained in Section III. Facts, Paragraph 41 of Plaintiffs' Original Petition.

46.     Defendant City denies the averments contained in Section III. Facts, Paragraph 42 of Plaintiffs' Original Petition.

47.     Defendant City denies the averments contained in Section III. Facts, Paragraph 43 of Plaintiffs' Original Petition.

48.     Defendant City denies the averments contained in Section III. Facts, Paragraph 44 of Plaintiffs' Original Petition.

49.     Defendant City denies the averments contained in Section III. Facts, Paragraph 45 of Plaintiffs' Original Petition.

50.     Defendant City is without sufficient information or knowledge of Plaintiffs' plans for protests.  Defendant city denies the remaining averments contained in Section III. Facts, Paragraph 46 of Plaintiffs' Original Petition.

51.     Defendant City denies the averments contained in Section IV-Claims, Paragraph 47 of Plaintiffs' Original Petition.

52.     Defendant City denies the averments contained in Section IV-Claims, Paragraph 48 of Plaintiffs' Original Petition

53.     Defendant City denies the averments contained in Section IV-Claims, Paragraph 49 of Plaintiffs' Original Petition.

54.     Defendant City denies the averments contained in Section IV-Claims, Paragraph 50 of Plaintiffs' Original Petition.

55.     Defendant City is without sufficient information or knowledge of Plaintiffs' feelings, therefore it must deny.  Defendant City denies the remaining averments contained in Section IV-Claims, Paragraph 51 of Plaintiffs' Original Petition.

56.     Defendant City denies the averments contained in Section IV-Claims, Paragraph 52 of Plaintiffs' Original Petition.

57.     Defendant City denies the averments contained in Section IV-Claims, Paragraph 53 of Plaintiffs' Original Petition.

58.     Defendant City denies the averments contained in Section IV-Claims, Paragraph 54 of Plaintiffs' Original Petition.

59.     Defendant City denies that its ordinance violates federal and state constitutions. Defendant City admits the remaining averments contained in Section IV-Claims, Paragraph 55 of Plaintiffs' Original Petition.

60.     Defendant City denies the averments contained in Section IV-Claims, Paragraph 56 of Plaintiffs' Original Petition.

61.     Defendant City denies the averments contained in Section IV-Claims, Paragraph 57 of Plaintiffs' Original Petition.

62.     Defendant City denies the averments contained in Section IV-Claims, Paragraph 58 of Plaintiffs' Original Petition.

63.     Defendant City denies the averments contained in Section IV-Claims, Paragraph 59 of Plaintiffs' Original Petition.

64.     Defendant City denies the averments contained in Section IV-Claims, Paragraph 60 of Plaintiffs' Original Petition.

65.     Defendant City denies the averments contained in Section IV-Claims, Paragraph 61 of Plaintiffs' Original Petition.

66.     Defendant City denies the averments contained in Section IV-Claims, Paragraph 62 of Plaintiffs' Original Petition.

67.     Defendant City denies the averments contained in Section IV-Claims, Paragraph 63 of Plaintiffs' Original Petition.

68.     To the extent that the City has denied the averments in the preceding paragraphs, they are denied herein in response to the unnumbered first paragraph contained in Section V-Prayer of Plaintiffs' Original Petition.

69.     Defendant City denies the averments contained in Section V-Prayer, Paragraph 1 of Plaintiffs' Original Petition.

70.     Defendant City denies the averments contained in Section V-Prayer, Paragraph 2 of Plaintiffs' Original Petition.

71.     Defendant City denies the averments contained in Section V-Prayer, Paragraph 3 of Plaintiffs' Original Petition.

72.     Defendant City denies the averments contained in Section V-Prayer, Paragraph 4 of Plaintiffs' Original Petition.

73.     Defendant City denies the averments contained in Section V-Prayer, Paragraph 5 of Plaintiffs' Original Petition.

74.     Defendant City denies the averments contained in Section V-Prayer, Paragraph 6 of Plaintiffs' Original Petition.

## II.
## AFFIRMATIVE DEFENSES

75.     Plaintiffs' Original Petition has failed to state a claim upon which relief may be granted.

76.     Defendant City violated no duty owed to Plaintiffs.

77.     Without waiving any of the foregoing, to the extent that Plaintiffs seek exemplary damages under common law from the City, such damages are not allowed for under common law -- a municipality is immune from exemplary damages.

78.     Without waiving any of the foregoing, Defendant City, a Texas home-rule municipality and governmental unit, specifically pleads, and states its intention to rely on the doctrine of governmental immunity in this matter and would show that the causes of action alleged against Defendant City are barred, in whole or in part, by the doctrine of governmental immunity.

79.     The City is immune from liability and from paying attorneys' fees under common law.

80.     The City affirmatively pleads that it cannot be held vicariously liable as a matter of law for any negligent and/or grossly negligent acts of its police officers and/or employees.

81.     To the extent that Plaintiff has alleged violations of Texas state law, and without waiving any of the foregoing, Defendant City, a Texas home-rule municipality, and a governmental unit, specifically pleads, and incorporates herein by reference, the provisions of the TEX. CONST. art. 11, § 13, and the provisions of the Texas Tort Claims Act. § 101.001, *et. seq.* TEX. CIV. PRAC. & REM. CODE.  Defendant City specifically states its intention to rely on such provision of the Constitution and to further rely on each and every provision of the Texas Tort Claims Act in this matter, including, but not limited to, each and every defense; notice requirement; time limit; maximum liability limit; exclusion from liability; and prerequisite to suit provided in such Act.

82.     Defendant City affirmatively pleads that it cannot be held liable under the theory of *respondeat superior* for any of Plaintiffs' federal law claims.

83.     To the extent that Plaintiff has alleged violations of Texas state law, and without waiving any of the foregoing, Defendant City incorporates by reference and states its intention to rely on all provisions of Chapter 33 of the Texas Civil Practice and Remedies Code in this matter, and would specifically show that, in the unlikely event any party is awarded damages against Defendant City in this cause, any such award must be reduced in accordance with the provisions of such Chapter.

## III.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant City of Fort Worth prays that this proceeding be dismissed, that Plaintiffs take nothing by this suit, and that Defendant City of Fort Worth be granted such other and further relief, both general and special, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,


/s/ *Laetitia Coleman Brown*
**Laetitia Coleman Brown**
Senior Assistant City Attorney
State Bar No. 00792417
*laetitia.brown@fortworthtexas.gov*
**Lynn Winter**
Assistant City Attorney
State Bar No. 24078135
*lynn.winter@fortworthtexas.gov*

**Office of the City Attorney**
200 Texas Street
Fort Worth, Texas  76102-6311
817.392.7600
817.392.8359 Facsimile
***Attorneys for Defendant City of Fort Worth***