# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS - FORT WORTH DIVISION

| | |
|---|---|
| **BROOKES H. BAKER, et al.,** § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. |
| § | 4:19-cv-00869-O |
| **CITY OF FORT WORTH, et al.,** § | |
| Defendant, § | |

## JOINT STATUS REPORT

Pursuant to the Court's February 24, 2020 Order and Federal Rule of Civil Procedure 26(f), Plaintiffs Brookes H. Baker and C. Ryan (collectively "Plaintiffs") and Defendant city of Fort Worth ("Defendants") file this updated joint status report. This joint report consists of separate paragraphs, as required by the Order, and a statement regarding the prospects of settlement.

(1)  A brief statement of the claims and defenses:

A. Plaintiffs – Fort Worth has violated plaintiffs' right of free speech under the First Amendment of the United States and Texas Constitution and by enforcing its vague portable sign and noise laws (Sections 23-14 and 23-8) which are not narrowly tailored, not content neutral, and constitute facially impermissible laws, particularly as applied to plaintiffs as they demonstrate outside an abortion mill. The City has issued repeated citations to plaintiffs, for which they sue, as enforcement of such laws constitute a violation of due process chilling free speech.

Plaintiffs seek damages and fees under 42 U.S.C. § 1983, as well as injunctive relief and attorney fees, as further described in the Plaintiff's Original Complaint.

B. Defendant City of Fort Worth – Defendant City denies all claims against it and asserts the following as defenses:

    a.  Plaintiffs have failed to state a claim upon which relief may be granted;

    b.  To the extent that Plaintiffs allege state law claims, Plaintiffs claims are barred in whole or in part by the doctrine of governmental immunity;

    c.  The City violated no duty owed to Plaintiffs;

    d.  The City is immune from exemplary damages;

    e.  The City cannot be held vicariously liable as a matter of law for the misconduct of its employees;

    f.  The City cannot be held liable under the theory of respondeat superior for any of Plaintiffs claims;

(2)    <u>A proposed time limit to file motions for leave to join other parties:</u>

    September 1, 2020.

(3)    <u>A proposed time limit to amend the pleadings:</u>

    September 1, 2020.

(4)    <u>Proposed time limits to file various and dispositive motions:</u>

    December 4, 2020.

(5) <u>A proposed time limit for initial designation of experts:</u>

August 3, 2020.

(6) <u>A proposed time limit for responsive designation of experts:</u>

September 1, 2020.

(7) <u>A proposed time limit for objections to experts (i.e., Daubert, etc.):</u>

November 2, 2020.

(8) <u>A proposed plan and schedule for discovery:</u>

Initial disclosures are due March 23. The parties do not see any reason to depart from the standard rules. Discovery is needed regarding the training of police and city staff, legislative history of the relevant ordinances, past enforcement actions of a similar nature to the facts of this case, and background of complainants involved in the citations. The City intends to seek discovery regarding Plaintiffs' claims, as well as any other damages and any other related matters necessary to defend against Plaintiffs' claims. Factual and expert discovery should be completed by December 1, 2020. No necessity exists for phased discovery.

(9) <u>Suggested changes to the limitations on discovery:</u>

Plaintiff requests amendment to the number of interrogatories to 50, accounting for the number of individuals involved in creating the relevant ordinances, training the police to enforce said ordinances, and the police and complainants involved in citing Plaintiffs for violating said ordinances.

The City opposes any changes to discovery rules.

(10)  Proposed means for disclosure concerning ESI:

Plaintiffs and the City will seek electronic discovery on the subjects listed above, and will agree to redactions to protect personal facts as appropriate.

(11)  Proposals regarding necessary privileged or trial-preparation material:

None at this time.

(12)  Proposed trial date and estimated length, notice of jury demand:

April 2021, the parties anticipate a trial not extending beyond three days.

(13)  A proposed date for further settlement negotiations:

The parties do not anticipate settlement, but in good faith have already spoken and will continue to consider opportunities to settle, and will speak formally of settlement no later than May 1, 2020.

(14)  Objections to Rule 26(a)(1), other modifications, disclosure deadline:

Disclosures are due March 30, 2020. No modifications proposed.

(15)  Whether the parties will consent to trial before a magistrate judge:

The parties will not consent.

(16)  Concerning options and timing of mediation/arbitration to resolve the suit:

The parties do not believe that mediation or arbitration will resolve this suit; the parties' counsel are sufficiently professional that any option for settlement which is viable will be considered without involvement or cost of third party guidance.

(17)   Other proposals regarding scheduling and discovery appropriate to this suit:

None.

(18)   Whether a conference with the Court is desired:

No conference is necessary or desired at this time.

(19)   Any other matters relevant to the status and disposition of this case:

None at this time.

Respectfully submitted,

| | |
|---|---|
| /s/ Warren V. Norred | /s/ Laetitia Coleman Brown |
| Warren V. Norred, TX Bar: 24045094 | Laetitia Coleman Brown |
| Norred Law, PLLC; | Senior Assistant City Attorney |
| 515 E. Border St., Arlington, TX 76010 | Chief, Public Safety Section |
| O: 817-704-3984; F: 817-524-6686 | City Attorney's Office |
| wnorred@norredlaw.com | 200 Texas Street |
| Attorney for Plaintiffs | Fort Worth, Texas 76102 |
| | (817) 392-6639 |
| | Laetitia.Brown@fortworthtexas.gov |

**CERTIFICATE OF SERVICE -** I certify that on March 19, 2020, I served the foregoing notice via the Court's electronic filing system to all parties in interest requesting documents in this case.

                                                      s/ Warren V. Norred
                                                      Warren V. Norred, TX Bar: 24045094